**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-3027-01-CR-S-RED |
| | ) | |
| JUSTIN D. WOOLIVER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Defendant Justin D. Wooliver's Motion to Suppress (Doc. 21), Government's Response to Motion to Suppress the Evidence (Doc. 24), the Report and Recommendation of United States Magistrate Judge (Doc. 30), and Defendant's Exceptions to the Report and Recommendation (Doc. 35). After careful and independent review of the parties' submissions, this Court agrees with and **ADOPTS** the Report and Recommendation of United States Magistrate Judge (Doc. 30). Defendant's Motion to Suppress is **DENIED** (Doc. 21). Defendant's Exceptions to the Report and Recommendation are **OVERRULED** (Doc. 35).

It is clear from the evidence that the officers had probable cause to search the vehicle, particularly due to Officer Sokolik's prior encounters with Defendant and the fact that a syringe was found on Defendant's person. Thus, any search of the vehicle would be valid under the automobile exception. It is irrelevant whether the officers characterized the search as a search incident to arrest or a search pursuant to the automobile exception. Therefore, the search and seizure of the firearm found in the vehicle was justified pursuant to the automobile exception to the Fourth Amendment's warrant requirement.

Furthermore, though there could be more record of the relevant inventory search, the

inventory search exception to the Fourth Amendment's warrant requirement is not necessary to confirm the validity of the search and seizure of the firearm in this case. Even so, considering the totality of the circumstances, it appears that the inventory search was also proper and, accordingly, the firearm would have been inevitably and justifiably discovered during the inventory conducted prior to the vehicle being towed from the scene.

**IT IS SO ORDERED.**

DATED:    February 7, 2012                          */s/ Richard E. Dorr*
                                                    RICHARD E. DORR, JUDGE
                                                    UNITED STATES DISTRICT COURT

2